**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | **:** | |
| | **:** | |
| **v.** | **:** | |
| | **:** | |
| **MARQUET ANTWAIN BURGESS** | **:** | **Case No. 3:20-cr-00044-CAR-CHW-1** |
| **MATTOX,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |
| | **:** | |

## ORDER

Defendant Marquet Antwain Burgess Mattox appeared before the Court, pursuant to a criminal summons, for an initial appearance and arraignment proceeding on October 7, 2020.

Due to Defendant's conduct, the Court was unable to complete the initial appearance and arraignment hearing. Although Defendant did not request appointed counsel, the Court requested that the Federal Defenders Office provide counsel to be available to assist Defendant. Defendant refused to communicate with the attorney and insisted that he wished to proceed without counsel. The Court directed Defendant to be seated, but Defendant refused to comply and remained standing. When the Court attempted to address Defendant, Defendant proceeded to interrupt or object to nearly every statement made by the Court. When the Court requested that the Assistant United States Attorney representing the Government state the charges in the Indictment for the record, Defendant continued to interrupt. Defendant repeatedly objected to the use of his name, which he insisted was "private" and "protected by the Fourth Amendment." Defendant also objected to the use of the word "you," stating that he was a "flesh and blood human being." The Court repeatedly instructed Defendant not to interrupt or talk over the Court and cautioned Defendant that failure to comply with the Court's instructions would result in a finding of contempt

1

of court. Defendant's objections and interruptions evidenced a "sovereign citizen" theory such as courts throughout this country repeatedly have decried as frivolous. *See, e.g.*, *Linge v. State of Georgia Inc.*, 569 F. App'x 895, 896 (11th Cir. 2014). Defendant repeated his abusive, dilatory tactics despite clear warnings by the Court that criminal contempt would ensue.

Accordingly, pursuant to Rule 42(b) of the Federal Rules of Criminal Procedure and 28 U.S.C. § 636(e)(2), the Court summarily held Defendant Mattox in contempt of court based on his efforts to obstruct the administration of justice and ordered that Defendant be taken into custody. The United States Marshals Service is hereby **ORDERED** to retain custody of Defendant until 2:30 PM on Friday, October 9, 2020, when the Defendant shall be produced before the Court for a renewed attempt to conduct the required preliminary criminal proceedings in this case.

**SO ORDERED**, this 9th day of October, 2020.

s/ Charles H. Weigle_____
Charles H. Weigle
United States Magistrate Judge