IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

_____

THE UNITED STATES OF AMERICA    :    3:20-cr-44-CAR

VS.                             :    May 5, 2021

MARQUET ANTWAIN BURGESS MATTOX :    Athens, Georgia
                Defendant
_____


TRANSCRIPT OF PRETRIAL CONFERENCE HEARING
BEFORE THE HONORABLE C. ASHLEY ROYAL,
UNITED STATES COURT DISTRICT JUDGE


APPEARANCES:

FOR THE GOVERNMENT:    LYNDIE FREEMAN
                       US ATTORNEY'S OFFICE
                       P.O. BOX 1702
                       MACON, GA 31201


FOR THE DEFENDANT:     CATHERINE WILLIAMS, FEDERAL DEFENDERS
                       OF THE MIDDLE DISTRICT OF GA, INC.
                       P.O. BOX 996
                       MACON, GA 31202

_____

TAMMY W. DIROCCO, USCR
P.O. BOX 539
MACON, GA 31202-0539
(478-752-3497)

May 5, 2021

11:41 a.m.

Athens, Georgia

P R O C E E D I N G S

THE COURT:  Ms. Williams, what's going to happen with Marquet Mattox?

MS. WILLIAMS:  Your Honor, that is a case in which we have only been appointed as standby counsel.

THE COURT:  Come over here, please.

MS. WILLIAMS:  Your Honor, our office was appointed as standby counsel only in that case.  I believe the attorney before me, Jared Westbroek, had attempted to set up a zoom call with Mr. Mattox, which he declined, and he also declined to speak with me today.  So we are merely here just as standby counsel in the event that he does need to ask an attorney a question.

THE COURT:  Do you have anything to say about that?

MS. FREEMAN:  No, Your Honor.  The Faretta inquiry was conducted by Judge Weigle and Mr. Mattox asserted his desire to represent himself.  And my understanding is that he still wishes to represent himself in this case.

THE COURT:  Is that correct, Mr. Mattox?

THE DEFENDANT:  Am I able to ask a question?

THE COURT:  Yes.  Take your mask down.

THE DEFENDANT:  Am I able to ask a question?

THE COURT: Yes. Yes.

THE DEFENDANT: Is it possible for me to have the right free so I can write, please?

THE COURT: Take your mask down, sir, because I'm not hearing you.

THE DEFENDANT: Is it possible for me to have the right side free so I can write, please?

THE COURT: What do you need to write?

THE DEFENDANT: I would like to take notes, please, sir.

THE COURT: Well, I'm trying to find out are you going to plead guilty today or what are you going to do?

THE DEFENDANT: I was not aware of court today until this morning. So I have not received any communication whatsoever. So I'm not able to really answer that question because I --

THE COURT: Okay. Well, we're going to take this off because he is obviously not prepared to go forward and he doesn't have sufficient notice.

MS. WILLIAMS: Your Honor, that was part of the question I had for prior counsel today was, you know, who was responsible for getting him the materials.

And it's my understanding, through my office, that we were to not send him anything and that that would come from the government.

THE COURT:  Well, something has to be done about getting him the notice.  Usually I know about this before 11:45 on the day that we're going to have the calendar.

MS. FREEMAN:  Your Honor, it is our understanding that -- so, per Mr. Westbroek's request, his prior standby counsel, we did send all the discovery materials both to the jail and to the Federal Defender's Office so that copies exist in both places.  And we understand that he is getting some kind of written notification from the court about hearings like today.

THE COURT:  Okay.  Well, when are we coming -- we're coming back up here in June.  We're going to reschedule this for June.  What's the date on that?

COURTROOM DEPUTY:  June 6th.

THE COURT:  June 6th.

COURTROOM DEPUTY:  June 7th.

THE COURT:  Is that a Friday?

COURTROOM DEPUTY:  No.  It's a Monday.

THE COURT:  Monday, okay.

MS. WILLIAMS:  I think that's the trial term.

COURTROOM DEPUTY:  It's the trial term.

THE COURT:  Did you understand that, sir?

THE DEFENDANT:  Am I able to ask questions?

THE COURT:  Sure.

THE DEFENDANT:  There was a motion actually filed on

May 5th in regards to the -- and I apologize -- in regards to the motion to revocate the detention order. But there has been no communication from the court in regards to the motion that was filed. And as far as being given the adequate opportunity to actually prepare I have not received any communication, nor the adequate opportunity, nor time to prepare.

THE COURT: Did you file that or did someone file it for you?

THE DEFENDANT: It was me but through a process servicer. That was actually filed on November 5th. And I think I may have a copy of it that was filed in Macon through a process servicer.

THE COURT: Okay. We have a record of that and it was referred to Judge Weigle and we will find out from Judge Weigle what the status of that is.

THE DEFENDANT: Okay. And --

THE COURT: Check with him, please, Nora.

THE DEFENDANT: And is it possible in regards to a release to have the opportunity to prepare. Because I have been actually held in Butts County jail almost seven months but limited to no communication whatsoever.

THE COURT: Well, I'm not clear what you want to prepare for. Do you want to prepare your argument for why you should be released; is that what you're saying?

THE DEFENDANT:  That motion was actually filed on November 5th.

THE COURT:  Right.

THE DEFENDANT:  In regards to the motion to revocate the detention order.  That was actually submitted.

As far as also settling the debt in regards to Title 50 U.S.C. --

THE COURT:  Selling the debt?

THE DEFENDANT:  Settling the debt for the true bill there was an actual -- in regards to the conveyance transfer and assignment of the actual property back to the United States, along with a full faith in credit, was actually tendered to the court in Macon on -- I think it was -- October 23rd.  But there has not been any communication from the court whatsoever in regards to --

THE COURT:  Well, we'll find out about that.  Do you know anything about that?

MS. FREEMAN:  Your Honor, I believe the Defendant is referring to some of his sovereign citizen styled filings.

THE COURT:  I understand that part of it, right.

THE DEFENDANT:  Can I also -- I am not a sovereign citizen.  I am an American Indian.  It is verified through the Bureau of Consular Affairs through passport book and the passport card that I am a national, but not a citizen of the United States, but I am not a sovereign citizen.

So respectfully can you, please, assure that I'm not referred to -- I'm not a sovereign citizen.

THE COURT:  Okay.  That's fine.

THE DEFENDANT:  I'm an American Indian.

THE COURT:  That's fine.

THE DEFENDANT:  And I do have a DNA test for American Indian but I don't know as far as referring to me as a sovereign citizen.

THE COURT:  Okay.

THE DEFENDANT:  Thank you.  And I would like to ask when you -- the possibilities of an actual release to prepare because I haven't -- I've just been held through a detention for almost seven months.

THE COURT:  Well, we're going to look into that for you.  I don't handle that.  That's handled by a Magistrate Judge.

THE DEFENDANT:  Okay.

THE COURT:  And so we're going to ask Judge Weigle about what the status of all that is.

Anything else, sir?

THE DEFENDANT:  Thank you, sir.

THE COURT:  Okay, very good.

(Proceedings concluded at 11:51 A.M.)

END OF RECORD

CERTIFICATE OF OFFICIAL REPORTER


I, Tammy W. DiRocco, Federal Official Court Reporter, in and for the United States District Court for the Middle District of Georgia, do hereby certify that pursuant to Section 753, Title 28, United States Code, that the foregoing is a true and correct transcript of the stenographically reported proceedings held in the above-entitled matter and that the transcript page format is in conformance with the regulations of the Judicial Conference of the United States.


Dated this 18th day of May, 2021.


*Tammy W. DiRocco*

_____
Tammy W. DiRocco CCR
Federal Official Court Reporter

Tammy W. DiRocco * Federal Reporter * 478-752-2607