**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO.  3:20-CR-44-CAR-CHW** |
| **v.** | |
| **MARQUET MATTOX** | |

## NOTICE OF INTENT PURSUANT TO FED. R. EVID. 404(b)

The United States, by and through undersigned counsel, hereby provides notice of evidence it intends to offer at trial that may be construed as "crimes, wrongs, and other acts" committed by the defendant. While the government does not assert or concede that these matters constitute evidence subject to FRE 404(b), the government provides this notice out of an abundance of caution.[1]

The government intends to introduce evidence regarding four matters:

1) Defendant has been assessed "frivolous return" penalties by the IRS in the course of his indicted scheme;

2) Defendant paid a personal tax debt of approximately $68,082.12 to the IRS with proceeds from his charged scheme;

3) Defendant has not filed a personal tax return since 2003, regardless of income level; and

---

[1]The United States asserts that all of the "other acts" evidence discussed in this notice of these is "inextricably intertwined" with the evidence of the crimes charged in the Indictment, but the government provides this notice in the spirit of Fed. R. Evid. 404(b).

4) Defendant filed approximately thirty-one false Forms 1041, U.S. Income Tax Return for Estates and Trusts, ("Form 1041 returns") during his wire fraud scheme per paragraphs 3 and 4 of the Indictment; only nine of these false returns are charged as separate wires constituting counts.

This evidence is inextricably intertwined with the charged conduct in the Indictment and can be admitted absent Rule 404(b). *See United States v. McLean*, 139 F.3d 1398, 1403 (11th Cir. 1998) (noting that "[e]vidence, not part of the crime charged by pertaining to the chain of events explaining the context, motive, and set-up of the crime, is properly admitted if linked in time and circumstances with the charged crime, or forms an integral and natural part of an account of the crime, or is necessary to complete the story of the crime for the jury." (quoting *United States v. Williford*, 764 F.2d 1493, 1499 (11th Cir. 1985))). However, even if not inextricably intertwined, the Government submits that evidence related to these other events are admissible under Federal Rule of Evidence 404(b) to prove Defendant's intent and motive to defraud the IRS. Given that intent to defraud is an element of a charged offense, evidence that sheds light on the intentional nature of the fraudulent tax returns submitted, as well as evidence that would tend to negate a defense of mistake or lack of knowledge would be admissible under Rule 404(b).

### 1. Frivolous Return Penalties

The government intends to elicit testimony that Defendant, in the course of filing the myriad of false tax returns charged under Wire Fraud and False Claims, Defendant was assessed multiple "Frivolous Return" penalties by the IRS related to

these claims. Testimony will be elicited that Defendant admitted to law enforcement that he received notification regarding the filing of these frivolous returns, and nevertheless continued filing further false returns.

Receiving notification of these penalties is not in of itself a "crime, wrong, or bad act" within the scope of 404(b), and being assessed these penalties is inextricably intertwined with the charged scheme. The notification is further relevant however to Defendant's knowledge, intent, absence of mistake.

## 2. Payment of approximately $68,082 personal tax debt to the IRS from fraud proceeds

The government intends to elicit testimony that Defendant paid an existing IRS debt with funds he stole from the IRS in the charged scheme. Payment of an existing tax debt is also not in of itself a "crime, wrong, or bad act" within the scope of 404(b). The government does not intend to elicit testimony regarding the origin or specific nature of the incurred tax debt, but merely that some proceeds of the charged fraud were traced back to the IRS through payments at the direction of Defendant. Tracing of proceeds is relevant to showing custody and control of the fraudulently received tax refunds in the charged scheme, and to the conversion of these funds to his benefit under the charge of Theft of Government Funds. As such, the payment of these funds to the IRS to his benefit is inextricably intertwined with the charges in the case and outside the scope of 404(b). To the extent that this evidence would fall under 404(b), this payment of proceeds to the IRS is relevant to knowledge and absence of mistake.

### 3. Defendant's Lack of Filed Personal Tax Returns Since 2003

An individual is not necessarily required to file a tax return every tax year, as the requirement only applies above specific thresholds of income for taxpayers.[2] As such, it is not necessarily a "crime, wrong, or bad act" to not file a tax return in any given year, and evidence of Defendant's lack of personal tax returns filed in various tax years would thus not necessarily be conduct within the scope of 404(b). The government further does not intend to allege that Defendant committed any crime by not filing a personal tax return in any of these tax years in the instant trial. However, should it fall within the scope of 404(b), Defendant's lack of filed tax returns is relevant towards knowledge of his trusts' lack of legitimate income, intent to defraud, and rebutting defenses of mistake or accident.

### 4. Thirty-one Fraudulent Form 1041 Returns

As alleged in paragraphs 3 and 4 of the Indictment, the government charged a wide-ranging scheme to defraud the IRS through at least twelve entities and at least thirty false Form 1041 tax returns. The government intends to present evidence of the full scope of the charged scheme, and not merely to the nine wire transmissions included in the enumerated Wire Fraud counts.[3]  Thus, this evidence is charged conduct, and not subject to 404(b); however, out of an abundance of caution, the government hereby provides notice.

> PETER D. LEARY
> ACTING UNITED STATES ATTORNEY

---

[2] The Government intends to elicit testimony stating this general fact about tax returns.
[3] In addition to the wire fraud counts, the defendant has also been charged with ten counts of false claims against the United States Government, 18 U.S.C. § 287, and one count of theft of government funds, in violation of 18 U.S.C. § 641.

By: */s/ Lyndie M. Freeman*
LYNDIE M. FREEMAN
ASSISTANT UNITED STATES ATTORNEY
Georgia Bar No. 119499
United States Attorney's Office
Middle District of Georgia
Post Office Box 1702
Macon, Georgia 31202
Telephone: (478) 752-3511
Email: lyndie.freeman@usdoj.gov

JESSICA A. KRAFT
Trial Attorney
Michigan Bar No. P80841
U.S. Department of Justice, Tax Division
150 M Street NE, #1.1505
Washington, D.C.  20002
Telephone:  202-514-7670
Fax: 202-514-0961
Email:  Jessica.A.Kraft@usdoj.gov

*Attorneys for the United States of America*

# CERTIFICATE OF SERVICE

I, Lyndie M. Freeman, hereby certify that on the 2nd day of August, 2021, I filed the within and foregoing ***Government's Notice of Intent Pursuant to FRE 404(b)*** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all parties of record and that I thereafter mailed a true and correct copy of the same, with proper postage affixed thereon to as follows:

Marquet Mattox
Butts County Detention Center
835 Ernest Biles Drive
Jackson, GA 30233

PETER D. LEARY
ACTING UNITED STATES ATTORNEY

*/s/ Lyndie M. Freeman*
LYNDIE M. FREEMAN
ASSISTANT UNITED STATES ATTORNEY
Georgia Bar No. 119499
United States Attorney's Office
Middle District of Georgia
Post Office Box 1702
Macon, Georgia 31202
Telephone: (478) 752-3511
Email: lyndie.freeman@usdoj.gov