IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | |
| | : | No. 3:20-CR-44 (CAR) |
| MARQUET ANTWAIN BURGESS | : | |
| MATTOX, a/k/a MARQUET | : | |
| ANTWAIN BURGESS MATTOX EL, | : | |
| a/k/a MARQUET BURGESS | : | |
| MATTOX, a/k/a ASIM ASHUNTA | : | |
| EL, a/k/a ASIM EL BEY, | : | |
| _____ | : | |

## ORDER ON THE GOVERNMENT'S MOTION TO ADMIT CERTIFIED BUSINESS RECORDS

Before the Court is the Government's Motion to Admit Certified Business Records [Doc. 48]. The Government seeks admission of the documents listed in Exhibit A [Doc. 48-1] as certified records of regularly conducted business activity under Fed. R. Evid. 803(6). These documents include Defendant's bank statements, his home and vehicle purchase agreements, and other miscellaneous records.

A document is admissible under Fed. R. Evid. 803(6) if (1) it was "made at or near the time by . . . someone with knowledge"; (2) it was "kept in the course of a regularly conducted activity"; and (3) "making the record was a regular practice of that activity."[1]

---

[1] Fed. R. Evid. 803(6)(A)–(C); *See United States v. Wrubleski*, 707 F. App'x 650, 655 (11th Cir. 2017).

1

These requirements can be "shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11)."[2]

Here, the government seeks admission of the documents using Fed. R. Evid. 902(11) certifications. Under Rule 902(11), a party may use a written "certification of the custodian" of the record to meet the requirements of Rule 803(6)(A)–(C). The Eleventh Circuit has "join[ed] other circuits in concluding that business records certifications are not testimonial," and thus admission of business records via certification does not violate the Confrontation Clause.[3]

The government has provided certifications for each document stating that each was "made at or near the time by . . . someone with knowledge"; was "kept in the course of a regularly conducted activity"; and "making the record was a regular practice of that activity." The Court find these certifications comply with Rule 902(11). Thus, the Government's Motion [Doc. 48] is **GRANTED**, and the records in Exhibit A are **ADMITTED**, subject to a relevancy determination and any objections Defendant may make prior to trial.

**SO ORDERED,** this 4th day of August, 2021.

S/ C. Ashley Royal_____
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[2] *Id.*

[3] *United States v. Clotaire*, 963 F.3d 1288, 1296 (11th Cir. 2020), cert. denied, 141 S. Ct. 1743 (2021).