**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **Case No. 3:20-cr-44-(CAR)** |
| | **:** | |
| **MARQUET ANTWAIN BURGESS** | **:** | |
| **MATTOX, a/k/a MARQUET BURGESS:** | | |
| **MATTOX EL, a/k/a MARQUET** | **:** | |
| **BURGESS MATTOX, a/k/a ASIM** | **:** | |
| **ASHUNTA EL, a/k/a ASIM EL BEY,** | **:** | |
| | **:** | |
| **Defendant.** | **:** | |

**ORDER ON OUTSTANDING ISSUES AND**
**SUMMARY OF ORAL RULINGS FOR TRIAL**

A jury trial is scheduled to begin in this case on August 16, 2021. Defendant

Marquet Antwain Burgess Mattox is charged in a 20-count indictment with nine counts

of wire fraud, ten counts of false claims against the United States Government, and one

count of theft of government funds. The Court has found that Defendant knowingly

and voluntarily waived his right to counsel, and Defendant has chosen to represent

himself at trial. The Court has appointed standby counsel. This Court has held three

pretrial hearings and issues this Order to rule on outstanding issues and summarize the

Court's previous oral rulings.

**BACKGROUND**

On October 7, 2020, Defendant initially appeared before U.S. Magistrate Judge

1

Charles Weigle, refused legal assistance from the Federal Defender's Office of the Middle District of Georgia, and chose to represent himself. Judge Weigle attempted to conduct the initial appearance, but Defendant would not follow instructions from the Court. Order could not be restored. The Court found Defendant in contempt and ordered the United States Marshals Service (USMS) to detain him. Two days later, on October 9, Defendant again appeared before Judge Weigle for his arraignment. Defendant refused appointed counsel, represented himself, and pled not guilty to the charges. The Court appointed standby counsel, conducted a detention hearing, remanded Defendant to the custody of the USMS pending trial, and scheduled a *Faretta*[1] hearing.

On October 23, 2020, Judge Weigle conducted the *Faretta* inquiry, found that Defendant knowingly and voluntarily waived his right to counsel, and allowed Defendant to proceed *pro se*. The Court further ordered that standby counsel be available to Defendant at Defendant's request. Defendant moved to reopen his bond, but the Court denied his request.

Thereafter, the Court's standing orders imposed a jury trial moratorium until May 2, 2021, due to the COVID-19 pandemic, and a jury trial was scheduled to begin on June 7, 2021. On May 5, 2021, Defendant appeared before the Court for a pretrial

---

[1] *Faretta v. California*, 422 U.S. 806 (1975).

conference, but the Court continued the hearing because Defendant had not received notice and was not prepared. On June 3, 2021, the Court held a pretrial hearing during which it ruled out several defenses raised by Defendant, denied Defendant's motion for review of the detention order, and set trial to begin on August 16, 2021. On July 14, 2021, the Court held a third pretrial hearing during which it outlined trial procedures, ruled out additional defenses raised by Defendant, and reserved ruling on other defenses and arguments pending the Court's review of certain "trust documents."

The Court has reviewed the entire record in this case, including the "trust documents." Below is a summary of the Court's oral rulings during the pretrial conferences and the Court's findings regarding the issues surrounding the "trust documents."  As stated in the July 14, 2021 pretrial conference, the Court will rule on the Government's Motion to Strike Property Listed in the Forfeiture Notice of Indictment [Doc. 45] after considering any further objections raised by Defendant.

### RULINGS

Speedy Trial Continuance

During the June 3, 2021 pretrial conference, this Court granted the Government's motion to continue the trial of this case to August 16, 2021, to allow the parties additional time to prepare for trial. The Court excluded the delay from the first pretrial hearing held on May 5, 2021, until the August 16, 2021 trial date. This additional time

3

needed to allow the parties to prepare for trial serves the ends of justice and outweighs the interests of Defendant and the public in a speedy trial. Failure to grant a continuance would deny the parties reasonable time for effective preparation and could result in a miscarriage of justice. The delay occasioned by the continuance, from May 5, 2021, through August 16, 2021, is excludable pursuant to the provisions of the Speedy Trial Act, 18 U.S.C. § 3161.

"Private Trust Documents"

During the June 3, 2021 and July 14, 2021 pretrial conferences, Defendant asked the Court to review certain "private trust documents" he submitted to the U.S. Magistrate Judge on October 23, 2021, during his *Faretta* hearing.

The Court has reviewed and considered the "private trust documents" [Docs. 22-1 & 22-2] and finds they are irrelevant to the criminal charges against Defendant and may not be used during trial. The documents do not exculpate, exonerate, or absolve Defendant of criminal liability; they do not deprive the Court of jurisdiction over this case or satisfy any judgment regarding the indictment; and Defendant is prohibited from using them as part of any defense during trial.

Defenses and Arguments Defendant is Prohibited to Use During Trial

During the pretrial conferences, the Court ruled out several arguments, contentions, and defenses Defendant has raised during his arraignment, the *Faretta*

4

hearing, and all pretrial hearings. The Court made the following rulings as a matter of law:

1. Defendant is not allowed to argue that his name is protected under the Lanham Act as a trademark.

2. Defendant is not allowed to argue that he is an attorney-in-fact for the trademark.

3. Defendant is not allowed to argue that the trademark is being deleted by using it in court.

4. Defendant is not allowed to argue that he is not subject to the power and jurisdiction of the Court.

5. Defendant is not allowed to argue that the conveyances to and for the account of the United States are precluded.

6. Defendant is not allowed to use the "trust documents" as part of his defense.

7. Defendant is not allowed to argue that the debt has been settled or reduced.

8. Defendant is not allowed to state that he submitted documents to any department in Puerto Rico to settle the debt and such documents were confirmed to be received.

9. Defendant is not allowed to use his nationality as an American Indian as part of his defense.

5

10. Defendant is not allowed to argue about inheritance by an American Indian and pledging portions of an estate in exchange for money.

The Court reiterates that Defendant's arguments are preserved for purposes of any appeal, and Defendant may appeal the rulings to the Eleventh Circuit Court of Appeals.

Shackles and Clothing

As set forth in the letter dated July 26, 2021 [Doc. 47], Defendant will not be shackled during the jury trial unless the need arises. Defendant will be allowed to wear his own clothes provided by his family members. His family may bring the clothes to the United States Marshal's Service lock-up on the second floor of the federal courthouse in Athens, Georgia, the morning of August 16, 2021. Jury selection will begin on August 16, 2021, at 9:00 a.m.

**SO ORDERED**, this the 4th day of August, 2021.

S/ C. Ashley Royal_____
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT

6